IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br>v.<br><br>RUTHIA HE A/K/A RUJIA HE and<br>DAVID BRODY,<br>　　　　　Defendants. | §<br>§<br>§<br>§　　A-25-MC-1464-RP<br>§<br>§<br>§<br>§ |

**TRANSFER ORDER**

Before the court is Non-Party Texas State Board of Pharmacy's ("TSBP") Motion to Quash Defendants' Subpoena Duces Tecum (Dkt. 1).[1] TSBP moved to quash Defendant Ruthia He's subpoena on September 10, 2025, and He has not since appeared or responded in this case. The court that originated the subpoena is located in the Northern District of California where the underlying criminal charge is pending. *See USA v. Brody et al.*, No. 3:24-CR-00329-CRB (N.D. Cal.). Having considered the motion and applicable law, the court now rules as follows.

**I.　BACKGROUND**

Defendant Ruthia He issued a subpoena to TSBP requesting database information from the TSBP's prescription drug monitoring program. Dkt. 1 at 1. He failed to respond to TSBP's motion in this court; however, TSBP advised the court that He filed a motion to compel in the Northern District of California, which the presiding judge, Judge Breyer, held a hearing for on October 3, 2025. Dkts. 3; 5. He's motion and oral arguments were to address whether only the issuing court has the authority to rule on a subpoena-related motions when the subpoena was issued pursuant to Federal Rule of Criminal Procedure 17. Dkt. 3 at 1-2. TSBP's counsel appeared for the hearing in

---

[1] This motion was referred by United States District Judge Robert Pitman to the undersigned for resolution pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. *See* Text Order dated Sep. 15, 2025.

1

the Northern District of California, and at the time of TSBP's last status report, Judge Breyer had not yet ruled on the issue. Dkt. 5. However, jury trial has commenced in the Northern District of California.

Under Federal Rule of Civil Procedure 45, this court would generally be the proper forum for a motion to quash a subpoena issued in this district. *See* FED. R. CIV. P. 45(c)(2) (providing that the court of compliance, with respect to a subpoena requesting the production of documents, is the court that is "within 100 miles of where the person [subject to the subpoena] resides"); *accord* Dkt. 3 at 1. However, the subpoena at issue was issued pursuant to Federal Rule of Criminal Procedure 17, which does not contain a similar locational mandate or transfer provision as Rule 45. *Compare* FED. R. CIV. P. 45(c)(2), (f) *with* FED. R. CRIM. P. 17. However, as the instant motion arose in this court due to the procedure prescribed by Rule 45, the undersigned will follow that procedure to assess whether transfer of this motion is appropriate.

## II.    Standard of Review

Federal Rule of Civil Procedure 45 governs the undersigned's analysis in deciding disputes regarding out-of-district subpoenas. Rule 45 generally requires that disputes related to non-party subpoenas be resolved locally, to avoid imposing undue travel or expense burdens on non-parties who are challenging a subpoena. *See, e.g.*, FED. R. CIV. P. 45(d)(2)(B)(i) (directing that motions to compel be filed in "the district in which compliance is required"). Effective December 1, 2013, however, a significant change was made to Rule 45 through the addition of a new subsection, which states:

> (f) Transferring a Subpoena-Related Motion. When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce

its order, the issuing court may transfer the order to the court where the motion was made.

FED. R. CIV. P. 45(f). The Advisory Committee's comments to the amendment state, "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when the court has already ruled on issues presented in the motion, or the same issues are likely to arise in discovery in many districts." FED. R. CIV. P. 45, Advisory Committee Notes to 2013 Amendments, Subdivision (f). In making the decision to transfer, the Committee instructs that "the prime concern should be avoiding burdens on local non-parties." *Id.*

### III.   ANALYSIS

Although TSBP is a state agency of Texas, it has already appeared in the Northen District of California to address the very subpoena it now moves to quash in this court. TSBP first informed the court that the California court would be hearing oral argument on this issue on September 24, 2025. *See* Dkt. 3. At the last status report, TSBP indicated that Judge Breyer in the Northern District of California had taken this issue under advisement and not yet issued a ruling. Dkt. 5. Due to the active litigation of this particular matter in the Northern District of California, TSBP's prior appearance there, and the now ongoing trial in that court, the undersigned finds TSBP's interest in obtaining resolution of its Motion to Quash in Texas is outweighed by the interest in ensuring the efficient, fair, and orderly progress of the ongoing litigation before the issuing court in California. As the California court has heard oral argument regarding the proper venue of this motion and is currently in trial for the underlying case, the court finds exceptional circumstances exist in this case to transfer it back to the issuing court.

### IV.   CONCLUSION

**IT IS ORDERED** that Movant TSBP's Motion to Quash Defendants' Subpoenas Duces Tecum (Dkt. 1) is **TRANSFERRED** to the United States District Court for the Northern District

of California, San Francisco Division. The Clerk of the Court is hereby directed to take all appropriate steps to effectuate the transfer of this matter to the Northern District of California, San Francisco Division on this day of October 21, 2025.

**IT IS FURTHER ORDERED** that this matter is **CLOSED**.

SIGNED October 21, 2025.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE